Commonwealth of Pennsylvania, Pennsylvania Labor Relations Board and City of Harrisburg, Party Appellee *v.* American Federation of State, County and Municipal Employees, AFL-CIO, Appellant.

Argued September 10, 1975, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*Richard Kirschner*, with him *Neal Goldstein*, and *Markowitz & Kirschner*, for appellant.

*James L. Crawford*, Assistant Attorney General, with him *James F. Wildeman*, Assistant Attorney General, for appellee, Pennsylvania Labor Relations Board.

*Francis B. Haas, Jr.*, City Solicitor, for appellee, City of Harrisburg.

OPINION BY PRESIDENT JUDGE BOWMAN, December 16, 1975:

Appellant, American Federation of State, County and Municipal Employees (AFSCME), filed an unfair labor

practice charge with the Pennsylvania Labor Relations Board (Board) against the City of Harrisburg (City). The complaint alleged that the City had violated Sections 803, 1201(a)(1) and 1201(a)(5) of the Public Employe Relations Act, Act of July 23, 1970, P. L. 563, 43 P.S. §§1101.803, 1101.1201(a)(1), 1101.1201(a)(5), (commonly known as Act No. 195), by unilaterally granting merit wage increases to two members of appellant bargaining unit without negotiating the same with appellant. The pay raises were effective January 29, 1973, during the existence of a collective bargaining agreement between AFSCME and the City which had become effective January 1, 1973. The City concedes that the increases had been granted but denied that such unilateral action constituted an unfair labor practice as defined in the Act.

After hearing, the Board dismissed AFSCME's complaint concluding that the City's action, based upon the Board's findings of fact, did not constitute an unfair labor practice. On appeal, the Court of Common Pleas of Dauphin County concluding that the Board's critical findings of fact were supported by substantial and legally credible evidence, affirmed the Board's order. This appeal followed.

In appeals under the Act, we have said that our scope of review of findings of fact made by the Board is limited to whether they are supported by substantial and legally credible evidence. *St. Joseph Hospital v. Pennsylvania Labor Relations Board,* 16 Pa. Commonwealth Ct. 533, 330 A.2d 561 (1974); *Shive v. Bellefonte Area Board of School Directors,* 12 Pa. Commonwealth Ct. 543, 317 A.2d 311 (1974). Further, Section 1502 of the Act[1] speaks to the role of a reviewing court in examining factual determinations of the Board in concluding that "findings of the board as to the facts, if supported by substantial and legally credible evidence shall in like manner be conclusive."

---

1. 43 P.S. §1101.1502.

A judicial construction of the substantial evidence requirement merited endorsement by our Supreme Court in a case involving similar provisions of the Pennsylvania Labor Relations Act.[2]

" 'Substantial evidence is more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.': Consolidated Edison Co. v. National Labor Relations Board, 305 U.S. 197, 229." *Pennsylvania Labor Relations Board v. Kaufmann Department Stores, Inc.,* 345 Pa. 398, 400, 29 A.2d 90, 92 (1942).

Our review of the record convinces us that it contains adequate substantial and legally credible evidence to support the lower court's conclusion that the Board's findings were supported by this quality of evidence. In this respect, therefore, the lower court did not commit legal error.

Thus, the basic issue in this appeal must be framed in the context of the critical findings of fact made by the Board and affirmed by the lower court: (1) the existence of a prior practice[3] of the public employer of unilaterally granting wage increases to selected employees at times when a collective bargaining agreement was in effect, and (2) such prior practice was a subject of bargaining but unresolved under the collective bargaining agreement in effect at the time the action complained of was taken by the public employer.[4]

---

2. Act of June 1, 1937, P. L. 1168, *as amended,* 43 P.S. §211.9(b).

3. Finding of Fact No. 12 in the Board's decision stated that the City had granted at least eight unilateral raises since July, 1971 to members of appellant bargaining unit.

4. The Board's Finding of Fact No. 7 stated that the issue was discussed. Furthermore, appellant's witness testified that the subject of merit wage increases was raised at two different negotiation sessions and that the union requested the inclusion of a provision in the 1973 contract forbidding such practice.

Framed in this context, the issue is whether a prior practice of a public employer continued after a collective bargaining agreement has been entered into, constitutes an unfair labor practice if such practice was an issue in the bargaining process, but the resulting agreement is silent on the subject. It should also be noted that the merit raises were given to selected employees without the approval, knowledge, or consent of any representative of the bargaining unit.

Appellant first asserts that Section 803 of the Act, 43 P.S. §1101.803, has been violated. It reads:

"If the representatives of either or both the public employes and the public employer refuse to submit to the procedures set forth in sections 801 and 802 of this article, such refusal shall be deemed a refusal to bargain in good faith and unfair practice charges may be filed by the submitting party or the board. may on its own, issue an unfair practice complaint and conduct such hearings and issue such orders as provided for in Article XIII."

We are unable to perceive the applicability of the above stated language to the issue before us. Section 803 is part of Article VIII of the Act, which is entitled "Collective Bargaining Impasse." Clearly, this section is inappropriate to this appeal as no impasse exists. In fact, the action complained of occurred while the collective bargaining agreement was in effect, not when it was being negotiated.

Alternatively, appellant's position rests upon Section 1201(a) of the Act, 43 P.S. §1101.1201(a), which provides as follows:

"(a)    Public employers, their agents or representatives are prohibited from:

"(1)    Interfering, restraining or coercing employes in the exercise of the rights guaranteed in Article IV of this act.

.  .  .  .

"(5) Refusing to bargain collectively in good faith with an employe representative which is the exclusive representative of employes in an appropriate unit, including but not limited to the discussing of grievances with the exclusive representative."

Appellant relies heavily on Federal decisions under the Labor Management Relations Act of 1947, 29 U.S. C. 158, to support the proposition that the City has violated our statute. It would appear well settled by the decisional law involving the private sector that generally such action by an employer characterizes a lack of good faith and as such an unfair labor practice. *National Labor Relations Board v. Katz*, 369 U.S. 736 (1962); *Leeds and Northrup Company v. National Labor Relations Board*, 391 F.2d 874 (3rd Cir. 1968). However, the Federal courts have recognized an exception to this rule, albeit a rather narrow one in a case in which a prior practice was found to exist as a working condition before negotiations started. *National Labor Relations Board v. Patent Trader Inc.*, 415 F.2d 190 (2d Cir. 1969).

As we have previously pointed out, Federal decisions involving the National Labor Management Relations Act are not binding and, in fact, are frequently of little precedent when dealing with the public sector. *Pennsylvania Labor Relations Board v. State College Area School District*, 9 Pa. Commonwealth Ct. 229, 306 A.2d 404 (1973). Furthermore, we have stated that "caution must be exercised in applying decisions or rulings concerning the meaning of terms and conditions of employment in the private sector to a determination of its meaning in this Act [Act of June 24, 1968, P. L. 237, *as amended*, 43 P.S. §217.1 et seq.]. . . ." *Cheltenham Township v. Cheltenham Township Police Department*, 11 Pa. Commonwealth Ct. 348, 353, 312 A.2d 835, 838 (1973).

In any event, the Federal cases cited by appellant are factually inapposite as none are concerned with charges

of an unfair labor practice in the context of the critical facts of this case.

In the instant appeal, there has been no showing of any interference with the employee's right to organize and bargain as prohibited by Section 1201(a)(1) of the Act or even an allegation of any antiunion motive by the City. In addition, there appears to have been no refusal to bargain collectively as mandated by Section 1201(a)(5) of the Act. On the contrary, the record shows that the subject of unilateral wage increases by the City was discussed at negotiating sessions but not made part of the 1973 labor agreement between AFSCME and the City.

Where, as here, the very acts by the City alleged to be an unfair labor practice were subjected to the bargaining process but remained unresolved, and, in fact, constituted a continuation of a prior practice of the public employer, we conclude that the City of Harrisburg did not violate either Section 803 or Section 1201(a) of the Act.

The order of the Court of Common Pleas of Dauphin County is affirmed.